UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL RODRIGUEZ, | ) | 1:04cv6661 DLB |
| | ) | |
| | ) | ORDER DENYING MOTION FOR RELIEF |
| | ) | FROM FAILURE TO FILE A TIMELY JURY |
| Plaintiff, | ) | DEMAND |
| | ) | (Document 17) |
| v. | ) | |
| | ) | ORDER STRIKING JURY DEMAND |
| STATE FARM INSURANCE | ) | (Document 18) |
| COMPANIES, et. al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On April 28, 2005, Plaintiff Michael Rodriguez filed the instant motion for Relief from Failure to File a Timely Jury Demand. Defendant State Farm Insurance Companies filed its Opposition on May 10, 2005. The hearing was held on May 26, 2005 before the undersigned. Attorney Edward Lee appeared on behalf of Plaintiff. Attorneys Daniel Cravens and Barrett Green appeared on behalf of Defendant.

**BACKGROUND**

Plaintiff filed this wrongful termination on October 1, 2004 in the Kern County Superior Court. Defendant filed a Notice of Removal on December 6, 2004. A Scheduling Conference was held on March 21, 2005 wherein Judge Wanger informed Plaintiff's counsel that Plaintiff had failed to include a jury demand in the Complaint. The Court ordered Plaintiff to seek relief on or before April 29, 2005. This motion followed.

1  Plaintiff argues that the Court has discretion to grant relief pursuant to Federal Rule of
2  Civil Procedure 39(b).  Plaintiff acknowledges the split in the circuits regarding the Court's
3  ability to grant such relief, including the authority in the Ninth Circuit holding that "relief cannot
4  be granted where the untimely demand resulted from oversight, inadvertence or lack of
5  familiarity with the Federal Rules."  *Pacific Fisheries Corp. v. HIH Cas & Gen Ins, Ltd*, 239
6  F.3d 1000, 1002 (9th Cir. 2001).  Plaintiff urges the Court to follow the circuits that allow such
7  relief.  *See Daniel Int'l Corp. v. Fischbach & Moore, Inc.,* 916 F.2d 1061, 1064 (5th Cir. 1990);
8  *Parrot v. Wilson,*707F.2d 1262, 1267 (11th Cir. 1983).  Plaintiff argues that counsel immediately
9  sought relief after being informed of the defect.  Plaintiff also contends that this case involves
10 issues of disability harassment discrimination and wrongful termination for which a jury would
11 be better suited to determine damages.  Plaintiff asserts that there is no prejudice to Defendant in
12 that only a few months have passed since removal.  In the alternative, Plaintiff requests relief
13 pursuant to Federal Rule of Civil Procedure 6(b)(2) based on counsel's inadvertent omission of
14 the jury demand.

15  Defendant opposes the motion and points out that the law is well settled in the Ninth
16 Circuit that mere inadvertence is not a proper basis for granting a late filed request for jury trial.
17 *See Pacific Fisheries Corp. v. HIH Cas & Gen Ins., supra.*  Defendant notes that the Ninth
18 Circuit has affirmed this rule as recently as April 8 of this year.  *See Lutz v. Glendale Union High*
19 *School*, 403 F.3d 1061, n4 (9th Cir. 2005) and further that Plaintiff may not rely on the Court's
20 discretion to grant relief under Rule 6(b)(2) for excusable neglect.  *See Russ v. Standard Ins. Co.*,
21 120 F.3d 988 (9th Cir. 1997).

**DISCUSSION**

A. <u>Court's Discretion to Excuse Failure to File Jury Demand Under Rule 39(b).</u>

Federal Rule of Civil Procedure 38(b) states:

> Any party may demand a trial by jury of any issue triable of right by a jury
> by (1) serving upon the other parties a demand thereof in writing at any time after
> the commencement of the action and not later than 10 days after the service of the
> last pleading directed to such issue, and (2) filing the demand as required by Rule
> 5(d).  Such demand may be indorsed upon a pleading of the party.

Fed.R.Civ.P. 38(b). Federal Rule of Civil Procedure 38(d) provides that the failure of a party to serve and file a demand as required by Rule 38 constitutes a waiver by the party of trial by jury. Fed.R.Civ.P 38(d).

Rule 38 applies to removed actions pursuant to Rule 81(c). Rule 81(c), in relevant part, provides as follows:

> If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal...The failure of a party to make demand as directed constitutes a waiver by that party of trial by jury.

Fed.R.Civ.P. 38(c). In certain situations, the failure of a party to file a timely jury demand may be excused at the discretion of the court. Federal Rule of Civil Procedure 39(b) states:

> Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

Fed.R.Civ.P. 39(b).

A divergence of opinion exists among the Circuits as to when a court should grant relief from a failure to timely demand a jury trial under Rule 39(b). While some courts take a restrictive view of the circumstances justifying relief under Rule 39(b), others find the discretion granted to be very broad.[1]

---

[1] *See eg., Lewis v. Time, Inc.*, 710 F.2d 549, 556-57 (9th Cir.1983) (finding discretion granted district court by Rule 39(b) to be narrow and not permitting the grant of motion where waiver occurred due to oversight or inadvertence); *Noonan v. Cunnard S.S. Co.*, 375 F.2d 69, 70 (2d Cir.1967) (noting trend of district court decisions limiting discretion "to determining whether the moving party's showing beyond mere inadvertence is sufficient to justify relief"); *General Tire & Rubber Co. v. Watkins*, 331 F.2d 192, 197 (4th Cir.) (suggesting that exceptional circumstances may be required for district court to exercise its discretion to grant a Rule 39(b) motion), cert. denied, 371 U.S. 952 (1964); *cf. Rowlett v. Anheuser-Busch, Inc.*, 832 F.2d 194, 199-200 (1st Cir.1987) (adopting view that discretion afforded district court to either grant or deny Rule 39(b) motion very broad); *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004, 1013 (6th Cir.1987) (finding under broad discretion granted district courts by Rule 39(b), untimely request for jury trial should not be denied absent strong and compelling reasons); *AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir.1965) (holding that absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial); *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir.1964) (finding Rule 39(b) motion should be granted "in the absence of strong and compelling reasons to the contrary"), cert. denied 379 U.S. 962 (1965); *EEOC v. Britrail Travel Int'l Corp.*, 129 F.R.D. 116, 117 (D.N.J.1989) (untimely jury demand resulting from inadvertence should be granted if no prejudice or severe docket disruption would result); *Ford v. Breier,* 71 F.R.D. 195, 197 (E.D.Wis.1976) (stating court should grant relief from apparent waiver absent overriding circumstances to the contrary).

1  The Ninth Circuit has held that the court's discretion under Rule 39(b) is "'narrow' and
2  'does not permit a court to grant relief when the failure to make a timely demand results from an
3  oversight or inadvertence.'" *Pacific Fisheries Corp. v. HIH Cas. & General Ins., Ltd.,* 239 F.3d
4  1000, 1002 (9th Cir. 2001); *Kletzelman v. Capistrano Unified School Dist.*, 91 F.3d 68, 71 (9th
5  Cir. 1996) quoting *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1357 (9th Cir.1984), *cert. denied*,
6  474 U.S. 865 (1985), *Craig v. Atlantic Richfield Co.*, 19 F.3d 472, 477 (9th Cir. 1994), *cert.
7  denied* 513 U.S. 875 (1994)(discretion is narrow and does not permit a court to grant relief where
8  the untimely demand resulted from oversight, inadvertence or lack of familiarity with the Federal
9  Rules).[2]  "An untimely request for a jury trial must be denied unless some cause beyond mere
10  inadvertence is shown." *Pacific Fisheries*, 239 F.3d at 1002; *see also Zivkovic v. Southern
11  California Edison Co.*, 302 F.3d 1080, 1086-87 (9th Cir. 2002); *Lutz v. Glendale Union High
12  School District No. 205,* 403 F.3d 1061 (9th Cir. 2005).

13  In support of the motion, Plaintiff's counsel submits a declaration stating, "Upon drafting
14  Plaintiff's Complaint for Damages in this matter, I inadvertently omitted plaintiff's Demand for
15  Jury Trial." Declaration of Edward Lee ¶ 3.  While he has attempted to remedy the mistake
16  quickly and it may not have caused substantial prejudice to Defendant, the Court is bound by
17  Ninth Circuit precedent.  As explained, "[a]n untimely request for a jury trial **must** be denied
18  unless some cause beyond mere inadvertence is shown." *Pacific Fisheries*, 239 F.3d at 1002
19  (emphasis added).  Under these circumstances, granting Plaintiff's request would be an abuse of
20  discretion.  *See Lutz v. Glendale Union High School District,* 403 F.3d 1061, 1065, n4 (9th Cir.
21  2005)[Had the district judge ordered a jury trial under Rule 39(b) where no explanation other
22  than inadvertence for untimely jury request, he would have abused his discretion.]

23  B.  Plaintiff's Request for Extension of Time under Rule 6(b)(2)

24  Federal Rule of Civil Procedure 6(b) allows the Court to enlarge time limits found

---

[2] Courts which have taken a restrictive view of the scope of 39(b) have reasoned that the rule was not intended to serve as a device to circumvent or bypass the positive action that must be taken under Rule 38 to obtain a jury trial.

4

elsewhere in the Federal Rules.  Pursuant to Rule 6(b), where the motion to enlarge time is made *after* the expiration of the specified time period, the moving party must show that the failure to act was the result of excusable neglect.  *See also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896-97 (1990).  Plaintiff's motion to enlarge time is made after the time for filing a jury demand expired and is therefore subject to the excusable neglect standard.

      Plaintiff's counsel asserts that he inadvertently omitted the jury demand in the complaint.  Although excusable neglect is an equitable, flexible concept, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994) (quoting *Pioneer Inv. Serv. v. Brunswick Assoc. Ltd.*, 507 U.S. 380 (1993)).  Accordingly, the Ninth Circuit has repeatedly held that an attorney's failure to read or understand the rules is a mistake of law that does not rise to the level of excusable neglect.  In *Kyle v. Campbell Soup Co.*, the Ninth Circuit held that an attorney's mistaken reliance upon Federal Rule of Civil Procedure 6(e) was not excusable neglect.  The Court determined that the attorney's "misconstruction of nonambiguous rules" was not a "basis for deviating from the general rule that a mistake of law does not constitute excusable neglect."  *Id.* at 931-932.

      Similarly, in *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884 (9th Cir. 2001), the Ninth Circuit determined that an attorney's failure to read and understand Federal Rule of Civil Procedure 81(c) did not constitute excusable neglect.  The Court found that Rule 81(c), which sets for the time for answering a complaint in a removed action, was "clear" and does not provide a basis "for the federal courts to excuse such professional neglect."  *Speiser*, 271 F.3d at 886.  "While an attorney's egregious failure to read and follow clear and unambiguous rules might sometimes be excusable neglect, 'mistakes construing the rules do not usually constitute excusable neglect.'"  *Speiser*, 271 F.3d at 886 (quoting *Pioneer Inv. Serv. v. Brunswick Assoc. Ltd.*, 507 U.S. 380 (1993)); *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996) (holding that counsel's ignorance of amendment to procedural rule did not constitute excusable neglect, and reasoning that "[I]f misconstruction of a nonambiguous rule cannot, under

Ninth Circuit precedent, constitute excusable neglect to justify an extension of time, it clearly would have been abuse of discretion for the district court in this case to hold that ignorance of an amendment to a rule could constitute excusable neglect.").

In the instant case, counsel admits that he inadvertently failed to include the jury demand in the complaint. Federal Rules of Civil Procedure 38 and 81(c), which govern the time for filing a jury demand, are clear and unambiguous. Counsel's failure to read and/or understand these rules does not constitute excusable neglect under Ninth Circuit precedent.

## **CONCLUSION**

Accordingly, Plaintiff has not demonstrated cause beyond "mere inadvertence," and his request for the Court to exercise its discretion under Rules 39 and 6(b)(2) must be denied. Plaintiff's Motion for Relief from Failure to File a Timely Jury Demand is therefore DENIED and the Demand for Trial by Jury filed on April 28, 2005 is HEREBY STRICKEN.

IT IS SO ORDERED.

**Dated:   May 26, 2005**            /s/ Dennis L. Beck
3b142a                                UNITED STATES MAGISTRATE JUDGE